UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JERMAIN BOYKIN,

                  Plaintiff,

   -v-

ORANGE COUNTY; CITY OF NEWBURGH;
SGT. LUIS MORENO; SGT. MICHAEL
TORRES,

                  Defendants.

No. 17-CV-6869 (KMK)

OPINION & ORDER

Appearances:

Jermain Boykin
Goshen, NY
*Pro se Plaintiff*

David L. Posner, Esq.
McCabe & Mack LLP
Poughkeepsie, NY
*Counsel for Defendant City of Newburgh*

KENNETH M. KARAS, District Judge:

    Pro se Plaintiff Jermain Boykin ("Plaintiff") brings this Action, pursuant to 42 U.S.C. § 1983, against Orange County, City of Newburgh ("Newburgh"), James Beckwith ("Beckwith"), Sgt. Luis Moreno ("Moreno"), and Sgt. Michael Torres ("Torres") (collectively, "Defendants"). Plaintiff alleges that Defendants violated his rights by failing to protect him from Beckwith while he was incarcerated in Orange County Jail. (*See generally* Compl. (Dkt. No. 2);

Am. Compl. (Dkt. No. 28).)[1]  Before the Court is Defendant Newburgh's Motion To Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (*See* Dkt. No. 19.)  For the reasons to follow, the Motion is granted.

## I.  Background

### A.  Factual Background

The following facts are drawn from Plaintiff's Complaint and Amended Complaint, and are taken as true for the purpose of resolving the instant Motion.

On February 3, 2017, at approximately 11:30 a.m., Plaintiff was shot in the upper back by Beckwith in the City of Newburgh.  (*See* Compl. 4.)[2]  The police pursued Beckwith and immediately arrested him, later charging him with assault and transporting him to Orange County Jail in Goshen, New York.  (*See id.*)  On March 13, 2017, a warrant was issued for Plaintiff's arrest, and Plaintiff was arrested and transported to Orange County Jail.  (*See id.*)  Once he arrived, Plaintiff was asked whether he had "any known en[e]mies in th[e] facility that would want to harm or hurt [him]," (*id.*), and Plaintiff informed the booking officer that James Beckwith had previously shot him and was being held in Orange County Jail, (*see id.*).

On March 21, 2017, Plaintiff was told that he needed to go to the medical department in the Orange County Jail.  (*See id.* at 5.)  Upon arriving at the medical department, Plaintiff encountered Beckwith.  (*See id.*)  Plaintiff does not recall what happened next, as he

---

[1] Plaintiff filed an Amended Complaint that failed to mention the City of Newburgh. Defendant Newburgh argues in its Reply that this means that Plaintiff has abandoned his claims against Newburgh.  (*See* Newburgh Reply in Supp. of Mot. To Dismiss ("Newburgh Reply") (Dkt. No. 32).)  However, given Plaintiff's pro se status, and his filing of an opposition to Newburgh's Motion, the Court construes the Amended Complaint as incorporating his claims against Newburgh in the Original Complaint, while simply naming Torres and Moreno as defendants following Orange County's compliance with the Court's *Valentin* Order.

[2] For ease of reference, given the lack of page numbers on Plaintiff's filings, the Court cites to the ECF-generated page numbers stamped at the top of each page.

"panic[k]ed" and "blacked out," (*id.*), but he recalls unnamed officers breaking up a fight between Plaintiff and Beckwith, (*see id.*). According to Plaintiff, there was a "no-contact list," and sending him to the medical department without checking the "no-contact list" and ensuring Beckwith was not there was a violation of Orange County Jail policy. (*Id.*) Moreover, Plaintiff alleges that Defendants failed to issue "an order of protection," and thus were "deliberat[ely] indifferent and negligent in doing their jobs," in that Defendants failed to protect him from Beckwith once they were both incarcerated in Orange County Jail. (*Id.* at 5–6.)

B. Procedural Background

Plaintiff filed his Complaint on September 7, 2017. (*See* Dkt. No. 2.) Plaintiff's request to proceed in forma pauperis was granted on September 11, 2017. (*See* Dkt. No. 4.) On September 27, 2017, the Court issued an Order replacing Orange County Jail and Newburgh Police Department with Defendants Orange County and City of Newburgh, respectively. (*See* Order 2 (Dkt. No. 6).) In that same Order, this Court held that, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), Plaintiff's Complaint "supplie[d] sufficient information to permit the Orange County Attorney to identify 'Booking/Intake Sergeant' and 'Medical Department Area Sergeant.'" (Order 3.) The *Valentin* Order required that the Town provide the identities and addresses of the John Does to Plaintiff and the Court within 60 days, and that Plaintiff amend his Complaint to reflect the newly identified individuals within 30 days of receipt of that information. (*See id.*) Defendant Orange County identified the individuals as Torres and Moreno, (*see* Dkt. No. 24), and Plaintiff filed an Amended Complaint on December 7, 2017 naming those individuals, (*see* Am. Compl.).

In the interim, on November 27, 2017, Defendant Newburgh filed its Motion To Dismiss and accompanying papers. (*See* Dkt. Nos. 19–23.) On December 22, 2017, Plaintiff filed his

3

Opposition to the Motion, (*see* Pl.'s Opp'n to Newburgh's Mot. To Dismiss ("Pl.'s Opp'n") (Dkt. No. 30)), and Defendant Newburgh filed its Reply on January 4, 2018, (*see* Newburgh Reply in Supp. of Mot. To Dismiss ("Newburgh Reply") (Dkt. No. 32)).

## II. Discussion

### A. Standard of Review

The Supreme Court has held that although a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration and internal quotation marks omitted). Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (alteration and internal quotation marks omitted). Instead, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570, if a plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible, the[] complaint must be dismissed," *id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has

alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (citation omitted) (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

In considering Defendants' Motion To Dismiss, the Court is required to "accept as true all of the factual allegations contained in the [C]omplaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (same). And, the Court must "draw[] all reasonable inferences in favor of the plaintiff." *Daniel v. T & M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)). Where, as here, a plaintiff proceeds pro se, the Court must "construe[] [his complaint] liberally and interpret[] [it] to raise the strongest arguments that [it] suggest[s]." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (per curiam) (internal quotation marks omitted). However, "the liberal treatment afforded to pro se litigants does not exempt a pro se party from compliance with relevant rules of procedure and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (internal quotation marks omitted).

Generally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotation marks omitted). However, when the complaint is pro se, the Court may consider "materials outside the complaint to the extent that they are consistent with the allegations in the complaint," *Alsaifullah v. Furco*, No. 12-CV-2907, 2013 WL 3972514, at *4 n.3 (S.D.N.Y. Aug.

5

2, 2013) (internal quotation marks omitted), including, "documents that a pro se litigant attaches to his opposition papers," *Agu v. Rhea*, No. 09-CV-4732, 2010 WL 5186839, at *4 n.6 (E.D.N.Y. Dec. 15, 2010) (italics omitted), statements by the plaintiff "submitted in response to [a] defendants' request for a pre-motion conference," *Jones v. Fed. Bureau of Prisons*, No. 11-CV-4733, 2013 WL 5300721, at *2 (E.D.N.Y. Sept. 19, 2013), and "documents that the plaintiff[] either possessed or knew about and upon which [he or she] relied in bringing the suit," *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000).

B. Analysis

The Complaint does not identify what claims Plaintiff intends to raise in this case. Because of the "special solicitude" owed to pro se plaintiffs, however, the Court will construe the Complaint as alleging that Defendants violated the Fourteenth Amendment in failing to protect Plaintiff from Beckwith at Orange County Jail. As discussed below, regardless of the substantive basis for Plaintiff's claims, Plaintiff has failed to state a claim against Newburgh.

"Congress did not intend municipalities to be held liable [under § 1983] unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). Thus, "to prevail on a claim against a municipality under [§] 1983 based on acts of a public official, a plaintiff is required to prove: (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008). In other words, a municipality may not be liable under § 1983 "by application of the doctrine of respondeat superior." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986) (italics omitted).

A plaintiff may satisfy the "policy or custom" requirement by alleging one of the

6

following:

> (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees.

*Brandon v. City of New York*, 705 F. Supp. 2d 261, 276–77 (S.D.N.Y. 2010) (citations omitted); *see also Patterson v. County of Oneida, N.Y.*, 375 F.3d 206, 226–27 (2d Cir. 2004) (describing methods of establishing *Monell* liability). Moreover, a plaintiff also must establish a causal link between the municipality's policy, custom, or practice and the alleged constitutional injury. *See City of Okla. v. Tuttle*, 471 U.S. 808, 824 n. 8 (1985) ("The fact that a municipal 'policy' might lead to 'police misconduct' is hardly sufficient to satisfy *Monell*'s requirement that the particular policy be the 'moving force' behind a *constitutional* violation. There must at least be an affirmative link between[, for example,] the training inadequacies alleged, and the particular constitutional violation at issue.").

The Complaint is devoid of *any* factual allegations meeting these requirements. Indeed, aside from listing Newburgh in the caption and as a party, (*see* Compl. 1, 8), Newburgh is only relevant to the Complaint as the location of the shooting that *precedes* the incident at Orange County Jail at issue in this Action, (*see id.* at 4–6). Plaintiff alleges that Newburgh, along with other Defendants, "failed to do their job . . . by not issuing an order of protection," once Plaintiff was incarcerated at Orange County Jail. (*Id.* at 5.) However, Plaintiff's Complaint neither cites to nor describes any official municipal policy or practice, nor does Plaintiff allege that any individual defendant had official policymaking authority and took action pursuant to that authority. Accordingly, Plaintiff's Complaint is insufficient to sustain a claim for relief under

7

*Monell*, as his "[c]onclusory allegations that there was such a policy or custom, without identifying or alleging supporting facts, is insufficient to state a claim," *Maynard v. City of New York*, No. 13-CV-3412, 2013 WL 6667681, at *4 (S.D.N.Y. Dec. 17, 2013); *see also Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 124 (2d Cir. 1991) (reaffirming "that an allegation of municipal policy or custom would be insufficient if wholly conclusory"); *5 Borough Pawn, LLC v. City of New York*, 640 F. Supp. 2d 268, 300 (S.D.N.Y. 2009) (dismissing a *Monell* claim where the "plaintiffs fail[ed] to allege any facts showing that there is a [c]ity policy—unspoken or otherwise—that violates the Federal Constitution").

Even if the Court were to assume, *arguendo*, that Newburgh generally had an obligation to issue an "order of protection" with regard to Plaintiff's safety at Orange County Jail, a "single act," done here by an unidentified employee, would be insufficient to establish § 1983 liability. *See Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 404 (1997) ("[I]t is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality."); *Triano v. Town of Harrison, NY*, 895 F. Supp. 2d 526, 532 (S.D.N.Y. 2012) ("Normally, a custom or policy cannot be shown by pointing to a single instance of unconstitutional conduct by a mere employee of the municipality." (alteration and internal quotation marks omitted)); *Gordon v. City of New York*, No. 10-CV-5148, 2012 WL 1068023, at *4 (E.D.N.Y. Mar. 29, 2012) (dismissing *Monell* claim where the plaintiff's "allegation [was] unsupported by anything other than the facts of what occurred in his particular case"). Therefore, because Plaintiff does not allege any facts plausibly supporting an inference that

Newburgh had a policy, custom, or practice of issuing orders of protection for inmates at Orange County Jail, the Court grants Newburgh's Motion To Dismiss.

### III. Conclusion

For the reasons stated above, Newburgh's Motion To Dismiss is granted. This Opinion does not impact Plaintiff's outstanding claims against the remaining Defendants. Moreover, because this is the first adjudication of Plaintiff's claims on the merits, the dismissal is without prejudice. If Plaintiff wishes to file an amended complaint, Plaintiff must do so within 30 days of the date of this Opinion. Plaintiff should include within that amended complaint any changes to correct the deficiencies identified in this Opinion that Plaintiff wishes the Court to consider. Plaintiff is advised that the amended complaint will replace, not supplement, the original complaint. The amended complaint must contain *all* of the claims and factual allegations Plaintiff wishes the Court to consider, including those against Defendants who have not joined in this Motion To Dismiss. The Court will not consider factual allegations contained in supplemental letters, declarations, or memoranda. If Plaintiff fails to abide by the 30-day deadline, his claims against Newburgh may be dismissed with prejudice.

The Clerk of Court is respectfully directed to terminate the pending Motion, (Dkt. No. 19), and to mail a copy of this Opinion & Order to Plaintiff's address listed on the docket.

SO ORDERED.

Dated: June 6, 2018
       White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

9