UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JERMAIN BOYKIN,

                    Plaintiff,

v.

SGT. LUIS MORENO, *et al.*,

                    Defendants.

No. 17-CV-6869 (KMK)

OPINION & ORDER

Appearances:

Jermain Boykin
Romulus, NY
*Pro se Plaintiff*

Kellie E. Lagitch, Esq.
Office of the Orange County Attorney
Goshen, NY
*Counsel for Defendants Sgt. Luis Moreno, Sgt. Michael Torres, and Orange County, NY*

KENNETH M. KARAS, United States District Judge:

    Jermain Boykin ("Plaintiff"), currently incarcerated at Clinton Correctional Facility, brings this pro se Action, pursuant to 42 U.S.C. § 1983, against Orange County, NY, (the "County"), Sgt. Luis Moreno ("Moreno"), Sgt. Michael Torres ("Torres") (collectively, "County Defendants"), James Beckwith ("Beckwith"), and a currently unnamed "Booking/Intake Sergeant" (together with County Defendants, "Defendants"). Plaintiff alleges that County Defendants violated his rights by failing to protect him from another detainee, Beckwith, while he was incarcerated in Orange County Jail. (*See* Fourth Am. Compl. ("FAC") (Dkt. No. 105).) Before the Court is County Defendants' Motion To Dismiss (the "Motion"). (Not. of Mot. (Dkt. No. 110).) For the following reasons, the Motion is granted.

I. Background

The factual and procedural background of this Action has been discussed in this Court's previous Opinions & Orders on this case, so the Court assumes familiarity with the general issues in dispute. (*See* Op. & Order on Newburgh Defs.' Mot. To Dismiss the Compl. ("2018 Op."); Op. & Order on Defs.' Mot. To Dismiss the Second Am. Compl. ("2019 Op.") (Dkt. Nos. 62, 95).) The Court will refer to the facts as needed throughout this Opinion & Order and supplements the procedural history of this case since the issuance of the 2019 Opinion below.

On March 26, 2019, the Court issued an Opinion & Order granting the then-pending Motions To Dismiss the Second Amended Complaint ("SAC"). (*See* 2019 Op. 16–17.) The Court dismissed claims against the City of Newburgh with prejudice but permitted Plaintiff to amend the SAC regarding his claims against the County, Torres, and Moreno. (*Id.* at 16.)

Plaintiff subsequently filed his Third Amended Complaint ("TAC"), but he improperly included the City of Newburgh as a named defendant, which contravened the Court's dismissal with prejudice of the City of Newburgh. (*See* TAC (Dkt. No. 102).) Following a letter from counsel for City of Newburgh, the Court issued an Order reminding Plaintiff that the City of Newburgh had been dismissed with prejudice and ordering Plaintiff to file another amended pleading removing it as a defendant. (*See* Dkt. No. 104.) Plaintiff did so on May 31, 2019. (*See* FAC.)

County Defendants submitted a Pre-Motion Letter, (Dkt. No. 106), and, in response, the Court set a briefing schedule, (Dkt. No. 108), obviating the need for a pre-motion conference. County Defendants submitted their Motion on July 24, 2019. (Not. of Mot.; Decl. of Kellie E. Lagitch, Esq. in Supp. of Mot. ("Lagitch Decl."); County Defs.' Mem. in Supp. of Mot. ("County Defs.' Mem.") (Dkt. Nos. 111–12).) Plaintiff submitted an Opposition on August 26, 2019.

(Pl.'s Mem. in Opp'n to Mot. ("Pl.'s Mem.") (Dkt. No. 118).) County Defendants filed a Reply Declaration on September 11, 2019. (Reply Decl. of Kellie E. Lagitch, Esq. in Supp. of Mot. ("Lagitch Reply Decl.") (Dkt. No. 119).)

Plaintiff also filed a Letter asking to add a party to this Action, (Dkt. No. 121), but the Court indicated that it would first resolve the instant Motion before determining whether another amendment would be permitted, (Dkt. No. 124).

## II. Discussion

County Defendants argue that the FAC fails to allege the personal involvement of either Torres or Moreno in any alleged constitutional violation, that Plaintiff fails to state a *Monell* claim against the County, that Plaintiff fails to state a failure-to-protect claim, and that any state-law claims are time-barred. (*See* County Defs.' Mem. 5–14.) The Court addresses the arguments as needed.

### A. Standard of Review

The Supreme Court has held that, while a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations, quotation marks, and alterations omitted). Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (quotation marks and alteration omitted). Rather, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although "once a claim has been stated

adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff need allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570, if a plaintiff has not "nudged [his or her] claim[] across the line from conceivable to plausible, the[] complaint must be dismissed," *id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" (citation omitted) (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

In considering a motion to dismiss, the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) ("In addressing the sufficiency of a complaint we accept as true all factual allegations . . . ." (citation and quotation marks omitted)). Further, "[f]or the purpose of resolving [a] motion to dismiss, the Court . . . draw[s] all reasonable inferences in favor of the plaintiff." *Daniel v. T & M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)). Where, as here, a plaintiff proceeds pro se, the "complaint[] must be construed liberally and interpreted to raise the strongest arguments that [it] suggest[s]." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (per curiam) (citation and quotation marks omitted). However, "the liberal treatment afforded to pro se litigants does not exempt a pro se party from compliance with

relevant rules of procedural and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (citation and quotation marks omitted); *see also Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008) ("[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." (citation, italics, and quotation marks omitted)).

Generally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (quotation marks and citation omitted). When a plaintiff proceeds pro se, however, the Court may consider "materials outside the complaint to the extent that they are consistent with the allegations in the complaint," *Alsaifullah v. Furco*, No. 12-CV-2907, 2013 WL 3972514, at *4 n.3 (S.D.N.Y. Aug. 2, 2013) (citation and quotation marks omitted), including, as relevant here, "documents that a pro se litigant attaches to his opposition papers," *Agu v. Rhea*, No. 09-CV-4732, 2010 WL 5186839, at *4 n.6 (E.D.N.Y. Dec. 15, 2010) (citation and italics omitted).

B. Analysis

1. Personal Involvement

County Defendants argue that the FAC fails to allege that Torres or Moreno was personally involved in a constitutional violation. (*See* County Defs.' Mem. 5.)

"It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show . . . the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013) (citation omitted). To establish personal involvement, a plaintiff must show that:

5

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Id.* at 139 (citation, italics, and quotation marks omitted). In other words, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Therefore, a plaintiff must plausibly allege that a defendant's actions fall into one of the five categories identified above. *See Lebron v. Mrzyglod*, No. 14-CV-10290, 2017 WL 365493, at *4 (S.D.N.Y. Jan. 24, 2017) (holding that the five categories "still control[] with respect to claims that do not require a showing of discriminatory intent" post-*Iqbal*).

Here, as County Defendants correctly point out, (*see* County Defs.' Mem. 6), Plaintiff has done virtually nothing to cure the deficiencies identified in the 2019 Opinion, i.e., that Plaintiff "fails to name Torres or Moreno anywhere in the body of the" amended pleading or "otherwise connect them to the substantive allegations [] raised therein," (2019 Op. 7). Plaintiff alleges that, after he was arrested, he told "the booking officer" that Beckwith was "the man that shot [Plaintiff]" and that if Plaintiff and Beckwith ran into each other at the jail, there would be "problems." (FAC 5.)[1] But Plaintiff does not allege that either individual Defendant was that booking officer or that either individual Defendant was present when Plaintiff allegedly warned the booking officer about his hostile relationship with Beckwith. (*See id.*) Indeed, neither Torres nor Moreno's name appears within the body of Plaintiff's FAC at all. *See King v. Falco*, No. 16-

---

[1] Because the FAC lacks paragraph numbers, the Court cites to the ECF page numbers, stamped on the upper right-hand corner of each page.

6

CV-6315, 2018 WL 6510809, at *7 (S.D.N.Y. Dec. 11, 2018) (holding personal involvement not shown where the "plaintiff includes [the defendant's] name in the case caption but fails to make any substantive allegations against her in the body of the complaint").

Moreover, Plaintiff fails to allege facts plausibly indicating that Torres or Moreno participated directly or indirectly in the alleged failure to protect him, that they established a policy or custom that caused the alleged deprivation, that they exhibited recklessness in allowing the alleged deprivation to occur, that they failed to remedy the situation after the alleged deprivation occurred, or that they were informed of Plaintiff's situation and deliberately ignored it. *See Gantt v. Ferrara*, No. 15-CV-7661, 2018 WL 4636991, at *6 (S.D.N.Y. Sept. 27, 2018) (holding personal involvement not established where the plaintiff "made no factual connection between [the defendant's] training and supervision and the alleged assault"); *Falls v. Pitt*, No. 16-CV-8863, 2018 WL 3768036, at *6 (S.D.N.Y. Aug. 8, 2018) (holding personal involvement not established where the plaintiff failed to allege the defendants were "present" for the alleged violation or "participated directly" in or "somehow permitted" the alleged violation (citation omitted)); *Lara-Grimaldi v. County of Putnam*, No. 17-CV-622, 2018 WL 1626348, at *11 (S.D.N.Y. Mar. 29, 2018) (holding personal involvement not established where the "[c]omplaint contain[ed] no allegations whatsoever that [the defendant] was involved in, aware of, or somehow permitted" the violation).

To the extent Plaintiff seeks to hold Torres and Moreno liable because they are alleged to hold positions of authority as sergeants at Orange County Jail, mere "linkage in the prison chain of command" does not suffice to establish personal involvement. *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003) (quoting *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir. 1985)).

7

Accordingly, Plaintiff fails to allege the personal involvement of Torres or Moreno in the alleged unconstitutional deprivation.

## 2. *Monell* Liability

Plaintiff names the County as a Defendant and also indicates that he has sued Torres and Moreno in their individual and official capacities. (*See* FAC 1.)

"A claim asserted against a [defendant] in his official capacity . . . is in effect a claim against the governmental entity itself . . . for 'official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Lore v. City of Syracuse*, 670 F.3d 127, 164 (2d Cir. 2012) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). "Congress did not intend municipalities to be held liable [under § 1983] unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell*, 436 U.S. at 691. Thus, "to prevail on a claim against a municipality under [§] 1983 based on acts of a public official, a plaintiff is required to prove: (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008) (citing *Monell*, 436 U.S. at 690–91). In other words, a municipality may not be held liable under § 1983 "by application of the doctrine of respondeat superior." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986) (italics omitted). Rather, "municipalities may only be held liable when the municipality itself deprives an individual of a constitutional right." *Newton v. City of New York*, 566 F. Supp. 2d 256, 270 (S.D.N.Y. 2008). A plaintiff may satisfy the fifth element by alleging one of the following:

> (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a

8

supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees.

*Brandon v. City of New York*, 705 F. Supp. 2d 261, 276–77 (S.D.N.Y. 2010) (citations omitted). Moreover, a plaintiff also must establish a causal link between the municipality's policy, custom, or practice and the alleged constitutional injury. *See City of Okla. v. Tuttle*, 471 U.S. 808, 824 n.8 (1985).

The Court previously determined that Plaintiff's prior pleadings have failed to include "*any* factual allegations" as to what municipal policy, custom, or practice caused his alleged constitutional deprivation, and thus failed to satisfy the fifth element required to state a *Monell* claim. (2018 Op. 7–8; *see also* 2019 Op. 9–12.) Plaintiff's FAC, which is nearly identical to prior pleadings, does not cure this fatal flaw.

Plaintiff alleges that, when he was arrested and taken to Orange County Jail, he told the unnamed "booking officer" that Beckwith had shot him and that if they ran into each other, there would be "problems." (FAC 5, 8.) The booking officer allegedly told Plaintiff that "safety wasn[']t a[n] issue." (*Id*. at 5.) According to Plaintiff, at that point, the booking officer was "post [sic] to get a hold of a supervisory [sic] that . . . was post [sic] to come and interview" Plaintiff. (*Id*.) However, according to Plaintiff, that did not occur, and Plaintiff later ran into Beckwith, allegedly getting into a physical altercation with him. (*Id*. at 7.)

To the extent that Plaintiff alleges that the unnamed booking officer did not comply with already existing municipal policies regarding separation of detainees that might pose a danger to each other, such an allegation is insufficient to state a *Monell* claim, as "a custom or policy cannot be shown by pointing to a single instance of unconstitutional conduct by a mere employee of the municipality." *Triano v. Town of Harrison*, 895 F. Supp. 2d 526, 532 (S.D.N.Y. 2012)

(citation, alteration, and quotation marks omitted); *see also Demosthene v. City of New York*, No. 18-CV-1358, 2019 WL 181305, at *8–9 (S.D.N.Y. Jan. 10, 2019) (noting that a plaintiff in a *Monell* claim "must establish that the *municipality* was the moving force behind the inquiry" and dismissing *Monell* claim where the plaintiff even cited to "over a dozen federal lawsuits" alleging similar allegations as his own (citation and quotation marks omitted) (emphasis added)); *Johnson v. Paul*, No. 17-CV-3654, 2018 WL 2305657, at *4 (S.D.N.Y. May 21, 2018) (dismissing *Monell* claim because the plaintiff alleged that the wrongdoing—denying him kosher meals—occurred because individual employees had *ignored* facility policy).

To the extent Plaintiff alleges that Orange County does not *have* a policy to sufficiently address conflicts between detained individuals, such a claim would also fail because a "single act," as alleged here, does not plausibly allege that a municipality has failed to institute a policy necessary to protect Plaintiff's constitutional rights. *See Gordon v. City of New York*, No. 10-CV-5148, 2012 WL 1068023, at *4 (E.D.N.Y. Mar. 29, 2012) (dismissing *Monell* claim where the plaintiff's "allegation [was] unsupported by anything other than the facts of what occurred in his particular case" (citation omitted)); *Brogdon v. City of New Rochelle*, 200 F. Supp. 2d 411, 427 (S.D.N.Y. 2002) ("A single incident by itself is generally insufficient to establish the affirmative link between the municipal policy or custom and the alleged unconstitutional violation." (citation omitted)). Accordingly, Plaintiff's *Monell* claim is dismissed.

### 3. Deliberate Indifference

Plaintiff claims that County Defendants were deliberately indifferent to his safety while he was incarcerated at Orange County Jail. (*See* FAC 8–9.) In addition to the failure to plausibly allege *Monell* liability or personal involvement of Torres and Moreno, this claim also fails on its merits.

"[A]n inmate's claim that prison officials failed, as a result of their deliberate indifference, to protect [the inmate] from the violent actions of other inmates may state a viable § 1983 cause of action." *Hendricks v. Coughlin*, 942 F.2d 109, 113 (2d Cir. 1991) (citation omitted); *Price v. Oropallo*, No. 13-CV-563, 2014 WL 4146276, at *8 (N.D.N.Y. Aug. 19, 2014) ("Prison officials are liable . . . for harm incurred by an inmate if they act with deliberate indifference to the inmate's safety." (citation omitted)).

Because Plaintiff was a pretrial detainee at the time of the allegations, (*see* generally FAC), his deliberate indifference claims are analyzed under the Due Process Clause of the Fourteenth Amendment. *See Cuoco v. Moritsugu*, 222 F.3d 99, 106 (2d Cir. 2000) ([Because Plaintiff] was in pre-trial detention at the time of the alleged incidents . . .[t]he district court correctly concluded that [his] claims arise under the Due Process Clause . . . ."). Deliberate indifference claims under the Fourteenth Amendment are analyzed somewhat differently than the same claims under the Eighth Amendment, which applies to inmates who have been convicted and sentenced. *See Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017) (explaining the different mens rea requirements for Eighth Amendment and Fourteenth Amendment deliberate indifference claims). To be sure, the overarching framework remains the same. Under both the Eighth and Fourteenth Amendments, to state a deliberate indifference claim an inmate must plausibly allege (1) "that he suffered a sufficiently serious constitutional deprivation," and (2) that the defendant "acted with deliberate indifference." *Feliciano v. Anderson*, No. 15-CV-4106, 2017 WL 1189747, at *8 (S.D.N.Y. Mar. 30, 2017) (citation omitted).

The first element "is evaluated the same way under both the Eighth Amendment and Fourteenth Amendment." *Ackridge v. Aramark Corr. Food Servs.*, No. 16-CV-6301, 2018 WL 1626175, at *19 n.19 (S.D.N.Y. Mar. 30, 2018) (citing *Darnell*, 849 F.3d at 30). This

requirement is "objective": The inmate must show that the "the alleged deprivation" is "sufficiently serious." *Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013) (citation and quotation marks omitted). In other words, the inmate must show that he was "incarcerated under conditions posing a substantial risk of serious harm." *Blandon v. Capra*, No. 17-CV-65, 2017 WL 5624276, at *7 (S.D.N.Y. Nov. 20, 2017) (quoting *Hayes v. N.Y.C. Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996)).

The second element "applies differently to claims under the Eighth Amendment and the Fourteenth Amendment." *Howard v. Brown*, No. 15-CV-9930, 2018 WL 3611986, at *4 (S.D.N.Y. July 26, 2018) (citing *Darnell*, 849 F.3d at 34–35). While the Eighth Amendment imposes a subjective standard — that the prison official "know[] of and disregard[] an excessive risk to inmate health or safety," *Darnell*, 849 F.3d at 32 (citation omitted) — the Fourteenth Amendment, applicable here, imposes an objective standard. That is, the prison official need only "recklessly fail[] to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35. However, "[d]espite the slightly lower standard" applicable to pretrial detainees, "which is akin to objective recklessness, any § 1983 claim or a violation of due process requires proof of a *mens rea* greater than mere negligence." *Miller v. County of Nassau*, No. 16-CV-5843, 2018 WL 1597401, at *3 (E.D.N.Y. Mar. 31, 2018) (quotation marks omitted) (ultimately quoting *Darnell*, 849 F.3d at 36) (italics in original).

Even assuming that Plaintiff has met the objective element of a deliberate indifference claim, Plaintiff still fails to allege that any of the individual County Defendants acted with "objective recklessness." *Miller*, 2018 WL 1597401, at *3 (ultimately quoting *Darnell*, 849 F.3d

12

at 36). Plaintiff alleges only that, upon arriving at Orange County Jail, he told an unnamed officer "there [was] a man in the jail . . . that shot [Plaintiff]" and that the officer told him not to worry and that "safety [was not] an issue." (FAC 5.) Yet, Plaintiff does not allege that any County Defendant knew that Plaintiff had been given assurances regarding his safety; that any County Defendant knew about Plaintiff's history with Beckwith at the time that Plaintiff was detained; or that any County Defendant—or even any other municipal employee—was present for the altercation with Beckwith. Plaintiff does not allege, despite the Court's comment on the issue in its previous Opinion & Order, (*see* 2019 Op. 14), that Beckwith was even the instigator in this purported altercation. To the contrary, a newspaper article attached to the FAC reports that it was Plaintiff that assaulted Beckwith, in retaliation for Beckwith shooting Plaintiff. (*See* FAC Ex. C (Dkt. No. 105).)

Therefore, although *Plaintiff* believes that County Defendants behaved recklessly in potentially exposing him to Beckwith, he alleges no facts to plausibly allege their mens rea, and "conclusory allegations of [D]efendants' knowledge are insufficient." *Molina v. County of Westchester*, No. 16-CV-3421, 2017 WL 1609021, at *4 (S.D.N.Y. Apr. 28, 2017) (citation omitted); *see also Franzese v. City of New York*, No. 17-CV-3020, 2018 WL 5924354, at *2 (S.D.N.Y. Nov. 13, 2018) (dismissing deliberate indifference for failure to protect claim where the plaintiff had failed to allege that the defendant "was aware, or had any reason to know that [the p]laintiff's safety was at risk."). Moreover, Plaintiff once again alleges that the encounter with Beckwith was a result of "negligence." (FAC 9.) Yet, in addition to the fact that Plaintiff nowhere states *who* he claims was negligent, allegations of "mere negligence [do] not suffice" to make out a claim of deliberate indifference. *Hayes*, 84 F.3d at 620.

In sum, Plaintiff fails to plausibly allege that any County Defendant acted with "objective recklessness" as to Plaintiff's safety, *Darnell*, 849 F.3d at 36. Accordingly, Plaintiff's Fourteenth Amendment deliberate indifference claim must fail.[2]

### 4. Beckwith

Plaintiff also includes Beckwith in the caption of his Action. (*See* FAC 1.) However, there are no allegations to suggest that Beckwith is at all affiliated with the municipality. Beckwith is only described as a private citizen who once shot Plaintiff. (*See id.* at 5.) County Defendants do not represent Beckwith and have not moved on his behalf. Indeed, Beckwith has not appeared in this Action at all. (*See generally* Dkt.)

This Court has the inherent authority to sua sponte dismiss frivolous claims, even in pro se cases. *See Milan v. Wertheimer*, 808 F.3d 961, 964 (2d Cir. 2015) (affirming district court's sua sponte dismissal of a pro se § 1983 claim where some of the defendants were not plausibly alleged to have been state actors); *see also Peterec-Tollino v. New York*, 364 F. App'x 708, 711 (2d Cir. 2010) (noting that a district court should not ordinarily dismiss a pro se case sua sponte, but ultimately concluding that the district court did not abuse its discretion in doing so where "amendment would be futile because [the plaintiff] simply cannot sue the defendants in federal court for the federal claims . . . , and has not alleged or suggested that he could allege any other facts that would establish that he suffered a wrong that could be remedied in federal district court" (citation omitted)).

Beckwith is only alleged to be a fellow detainee or inmate with whom Plaintiff had some personal, seemingly violent history. (*See* FAC 5; *id.* Ex. C.) Section 1983 only "provides a

---

[2] Because the Court dismisses any deliberate indifference claim on the second prong, it does not address the first prong of the claim at this time.

14

cause of action against any person who deprives an individual of federal guaranteed rights 'under color' of state law." *Filarksy v. Delia*, 566 U.S. 377, 383 (2012) (citation omitted). "With respect to [Beckwith], Plaintiff fails to offer any factual assertions from which it could be inferred that [Beckwith] was a state actor or that there was any nexus between [Beckwith] and the state." *Deem v. Dimella-Deem*, No. 18-CV-11889, 2019 WL 1958107, at *8 (S.D.N.Y. May 2, 2019) (dismissing § 1983 claim where the plaintiff sued his spouse with whom he had personal conflict); *see also Saunders v. Bonstrom*, No. 05-CV-7350, 2006 WL 3690660, at *2 (S.D.N.Y. 2006) (dismissing claim against a defendant because he was not a state actor, meaning "he cannot be sued under 42 U.S.C. § 1983."). Accordingly, Beckwith is also dismissed from this case.

### 5. State-Law Claims

Plaintiff does not explicitly allege any state-law claim. (*See generally* FAC.) Because the Court concludes that Plaintiff fails to state a § 1983 claim as to any County Defendant and because Plaintiff does not indicate what kind of state claim he intended to assert against Beckwith (if any), the Court declines at this time to exercise supplemental jurisdiction over any state-law claims that may be alleged. *See Matican v. City of New York*, 524 F.3d 151, 154–55 (2d Cir. 2008) ("[I]f [the plaintiff] has no valid claim under § 1983 against any defendant, it is within the district court's discretion to decline to exercise supplemental jurisdiction over the pendent state-law claims." (citation omitted)).

### 6. Leave to Amend and Dismissal with Prejudice

This Opinion & Order dismisses all of Plaintiff's claims and terminates all Defendants from this case. Following the filing of the instant Motion, Plaintiff sought leave to amend again, claiming he now has the name of the "booking officer" who was working on the day Plaintiff

15

was arrested and detained in Orange County Jail. (*See* Dkt. No. 121). But the Court has already determined on the merits that Plaintiff's factual allegations are insufficient to state a claim under § 1983. Amending to name the booking officer would be futile. Accordingly, the Court denies this request. *See Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (noting that although a "pro se litigant should not be dismissed without the [c]ourt granting leave to amend at least once[,] . . . leave to amend a complaint may be denied when amendment would be futile" (citations and quotation marks omitted)).

Moreover, even the special solicitude afforded to pro se litigants does not entitle Plaintiff to file an infinite number of amended pleadings, especially when the pleading "contains substantive problems such that an amended pleading would be futile." *Lastra v. Barnes & Noble Bookstore*, No. 11-CV-2173, 2012 WL 12876, at *9 (S.D.N.Y. Jan 3, 2012). Because this is Plaintiff's fourth amended pleading and because Plaintiff has fixed virtually none of the deficiencies highlighted by the Court in its 2019 Opinion, the Court dismisses Plaintiff's claims with prejudice. *See Denny v. Barber*, 576 F.2d 465, 471 (2d Cir. 1978) (holding that the plaintiff was not entitled to even "a third go-around"); *Johnson v. Doty*, No. 15-CV-7823, 2019 WL 2137361, at *7 n.8 (S.D.N.Y. May 16, 2019) (dismissing pro se complaint where a pro se plaintiff already had three previous "bites at the apple" that all "prove[d] fruitless" (citation and quotation marks omitted)); *Melvin v. County of Westchester*, No. 14-CV-2995, 2016 WL 1254394, at *24 n.19 (S.D.N.Y. Mar. 29, 2016) (granting motion to dismiss with prejudice where "[the] [p]laintiff has already had two bites at the apple, and they have proven fruitless" (alteration and quotation marks omitted)).

### III. Conclusion

For the reasons stated above, County Defendants' Motion To Dismiss is granted, and the Court sua sponte dismisses Beckwith from the Action. All of Plaintiff's claims are dismissed with prejudice.

The Clerk of Court is respectfully directed to terminate the pending Motion, (*see* Dkt. No. 110), to mail a copy of this Opinion & Order to Plaintiff, and to close this case.

SO ORDERED.

Dated: February 24, 2020
       White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE